CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 06 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 3:11CR00018 |
| ) | Civil Action No. 3:13CV80569 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DIVYESHKUMAR DESAI, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

The defendant, Divyeshkumar Desai, elected to pursue this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting claims regarding the restitution order entered in his case. For the reasons that follow, the court will grant the government's motion to dismiss and deny Desai's § 2255 motion.

## Background

Desai was previously employed by Mars & Roshni Corporation, which owned and operated a convenience store in Spotsylvania, Virginia that sold gasoline, convenience items, food, and cigarettes. Mars & Roshni's customers included a group of cigarette traffickers who regularly traveled from out of state to purchase cigarettes for resale in jurisdictions charging a higher cigarette tax, such as New York and Pennsylvania. Based on the volume of cigarettes that Mars & Roshni and its employees sold between June 2010 and April 2011, investigators determined that Mars & Roshni, and the cigarette traffickers with whom its employees conspired, caused a total tax loss to all jurisdictions involved of over $5,000,000.00.

On July 13, 2011, a grand jury returned an eight-count indictment against Desai and other agents and employees of Mars & Roshni. Count One charged the defendants with conspiracy to traffic in contraband cigarettes, in violation of 18 U.S.C. §§ 371 and 2342(a). Count Two

charged them with conspiracy to violate cigarette recordkeeping requirements, in violation of 18 U.S.C. §§ 371 and 2343(a). Counts Three through Eight charged the defendants with trafficking in contraband cigarettes, in violation of 18 U.S.C. § 2342(a).

Desai subsequently entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement. In exchange for Desai's guilty plea, the government agreed to dismiss Counts Two through Eight.

By signing the plea agreement, Desai certified that he was pleading guilty because he was, in fact, guilty of the offense charged in Count One, and not because of any promises; that he had discussed the plea agreement and all other matters pertaining to the indictment with his attorney; and that he was fully satisfied with his attorney and the attorney's advice. (Plea Ag. at 1-2, 14.) Under the terms reached with the government, Desai agreed to pay restitution for the entire scope of his criminal conduct, "including, but not limited to, . . . $3,048,676 to the City and State of New York, the State of Maryland, the Commonwealth of Pennsylvania, and the Commonwealth of Virginia." (Id. at 4.) Desai further acknowledged that there was a substantial likelihood that his status as a legal immigrant would be revoked as a result of his guilty plea; that he had discussed the negative consequences of his guilty plea with his counsel and/or a qualified immigration attorney; and that he understood the consequences. (Id. at 8.) Desai also agreed to waive his right to appeal and to collaterally attack any order issued in this matter, unless such attack is based on ineffective assistance. (Id. at 9.)

On May 14, 2012, the court sentenced Desai to a nine-month term of imprisonment and a two-year term of supervised release. Desai was also ordered to pay $3,033,330.00 in restitution. He did not appeal the final judgment.

In February of 2013, Desai, proceeding pro se, filed a petition seeking to have the restitution order cancelled or reduced. Because Desai sought to pursue a claim of ineffective assistance regarding the restitution order, the court construed his petition as a § 2255 motion, and granted him an opportunity to elect whether to proceed with such motion. Desai subsequently notified the court that he wished to have his claims addressed under § 2255. He also submitted the standard form for use in filing a § 2255 motion.

The government has filed a motion to dismiss. Desai has not responded to the motion and the time allotted for his response has expired, making the matter ripe for disposition.

## Discussion

### I. Claim One

Desai's § 2255 motion asserts two grounds for relief from the restitution order entered by the court. In his first claim, Desai claims that the restitution order was not warranted, because he did not know that he was engaging in illegal activity and his involvement in the conspiracy resulted from his obedience to his employer.[1] In moving to dismiss this claim, the government argues that Desai waived his right to collaterally attack the restitution order, and that this claim is barred by the waiver. For the following reasons, the court agrees with the government.[2]

---

[1] The defendant's claims have been renumbered to facilitate the court's analysis.

[2] The government also argues that a restitution order is a non-custodial component of a defendant's sentence that cannot be attacked under § 2255. Although the United States Court of Appeals for the Fourth Circuit has not addressed this issue, "nearly every other Court of Appeals that has considered the question has concluded that restitution orders cannot be attacked through a § 2255 petition, including those filed when the defendant is incarcerated." United States v. Fabian, 798 F. Supp. 2d 647, 684-85 (D. Md. 2011) (citing cases). Nonetheless, even assuming that a § 2255 motion is the proper vehicle for attacking a restitution order, the court concludes that the instant claim is barred by the waiver provision in the defendant's plea agreement.

3

Under existing precedent, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The determination of whether a waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). If the court concludes that the defendant's waiver of collateral attack rights was knowing and voluntary, the defendant "cannot challenge his conviction or sentence in a § 2255 motion," unless his claims fall outside the scope of the waiver. Lemaster, 403 F.3d at 220.

During the plea colloquy in the instant case, Desai advised the court that he was 23 years old and that he had completed the tenth grade in school. He affirmed that he was not under the influence of any substances that would affect his thinking or his ability to participate in the proceeding in a knowing and voluntary fashion. In response to questions from the court, defense counsel indicated that he was of the opinion that Desai possessed the capacity to make a knowing and voluntary plea despite the defendant's limited education.

The court called upon the Assistant United States Attorney ("AUSA") to summarize the elements of the offense charged in Count One of the indictment and the maximum penalties for that charge. The AUSA also summarized the salient provisions of the plea agreement, including Desai's agreement to pay restitution and his waiver of appellate and collateral attack rights. Desai affirmed that the AUSA's summary of the plea agreement was consistent with his own understanding of the bargain that he had reached with the government, and that no one had made any promises or guarantees other than those set forth in the plea agreement. Additionally, Desai indicated that the

facts proffered by the government were consistent with his understanding of what the evidence would have shown if the case had gone to trial.

In response to questions from the court, Desai indicated that he understood the charges against him, the terms of the plea agreement, the rights he was waiving by pleading guilty under those terms, and the consequences of his plea. Desai also affirmed that he was pleading guilty based on what he thought was best for him, and because he was, in fact, guilty of the conspiracy offense charged in Count One of the indictment. The court expressly inquired about the provision waiving his collateral attack rights. In response, Desai affirmed that he intended to "give up [his] right to collaterally attack the court's judgment sometime down the road." (Plea Hearing Tr. at 15-16.) Additionally, Desai indicated that he "understood everything," and that he did not have any questions. (Id. at 43.)

While Desai's educational background is somewhat limited, the court is convinced that he was competent to enter a valid guilty plea, that he understood the provisions of the plea agreement including the waiver of collateral attack rights, and that he voluntarily pled guilty under all of the terms of the agreement. Accordingly, the court concludes that the waiver of collateral attack rights is valid and enforceable.

Additionally, it is apparent from the record that Desai's first claim falls within the scope of the waiver. While the Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver, the instant claim does not fall within that class.[3] Consequently, Desai's

---

[3] Issues that a defendant could not have reasonably foreseen when entering into a plea agreement, such as the imposition of a sentence above the statutory maximum, the imposition of a sentence based on a constitutionally impermissible factor such as race, or the complete denial of counsel at any stage of the proceedings following the entry of a plea, fall outside the scope of the waiver. See Lemaster, 403 F.3d at 220 n.2.

first claim is barred by the waiver, and the court will grant the government's motion with respect to that claim.

## II. Claim Two

In his second claim, Desai alleges that his attorney was ineffective in failing to object to the government's restitution proposal, since counsel knew that the restitution amount could subject him to deportation. Claims of ineffective assistance are reviewed under the standard enunciated by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed on such a claim, a defendant must show: (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. With respect to the first prong, "the defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. With respect to the second, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id.

Upon review of the record, the court concludes that Desai's claim of ineffective assistance is without merit. Under the terms of his plea bargain, Desai agreed to plead guilty to the conspiracy charge and to pay restitution, with the understanding that his guilty plea would likely result in the revocation of his status as a legal immigrant. During the Rule 11 hearing, the court thoroughly questioned Desai regarding the consequences of his guilty plea, including the fact that he would be required to pay restitution in the "very substantial sum" of up to $3,048,676. (Plea Hrg. Tr. at 22.) When asked if he understood that he would be jointly and severally responsible for that sum, Desai responded in the affirmative. (Id. at 23.) Likewise, Desai expressly acknowledged that he "may well be . . . subject to deportation from the United States" as a consequence of his guilty plea. (Id.

6

at 40.) Desai indicated that he was satisfied with all of the services provided by his attorney, that he understood everything that had been discussed during the hearing, and that he did not have any questions. (Id. at 42-43.)

It is well settled that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity . . . .'" Lemaster, 403 F.3d at 221 (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). Desai's allegations in support of his claim of ineffective assistance fall short of presenting the "clear and convincing evidence" needed to successfully overcome the statements that he made during the Rule 11 hearing. Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992). Indeed, Desai has presented "no evidence that suggests his representations during his plea were untruthful or involuntary, and he is therefore rightly bound by his sworn statements." Id. As such, Desai is unable to establish that his attorney was ineffective in failing to object to the government's restitution proposal.

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Desai's § 2255 motion. Additionally, because Desai has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 6th day of September, 2013.

_____
Chief United States District Judge